Matter of Hernandez v New York State Dept. of Corr. & Community Supervision (2018 NY Slip Op 08604)





Matter of Hernandez v New York State Dept. of Corr. & Community Supervision


2018 NY Slip Op 08604


Decided on December 13, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 13, 2018

526566

[*1]In the Matter of ARMANDO HERNANDEZ, Petitioner,
v
NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, Respondent.

Calendar Date: October 26, 2018

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Pritzker, JJ.


Armando Hernandez, New York City, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Julie M. Sheridan of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
After his urine twice tested positive for the presence of buprenorphine during a random drug test, petitioner was charged in a misbehavior report with using a controlled substance. He was found guilty of that charge following a tier III disciplinary hearing, and the determination was later affirmed on administrative review. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, positive urinalysis test results and related documentation, together with the hearing testimony of the correction officer who tested the sample, provide substantial evidence supporting the determination of guilt (see Matter of Morales v Venettozzi, 163 AD3d 1375, 1376 [2018]; Matter of Guadalupe v Venettozzi, 158 AD3d 883, 884 [2018]). Contrary to petitioner's argument, the information documented on the request for urinalysis form and the testimony of the correction officer who tested the sample established a proper chain of custody (see Matter of Morales v Venettozzi, 163 AD3d at 1376). Further, the correction officer adequately explained that a clerical photocopying error caused another inmate's name to appear at the top of the calibration report and confirmed that the positive test results and the calibration report were accurate, and the Hearing Officer was free to credit this testimony (see Matter of Ramos v Annucci, 159 AD3d 1185, 1185-1186 [2018]; Matter of Snyder v New York State Dept. of Corr. & Community Supervision, 157 AD3d 1172, 1173 [2018]). Finally, the record does not disclose that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Swinton v Venettozzi, 164 AD3d [*2]1584, 1585 [2018]). Petitioner's remaining claims have been examined and, to the extent that they are preserved, we find that they lack merit.
Garry, P.J., Egan Jr., Clark, Mulvey and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.